IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUAN CARLOS CARRERO-VASQUEZ  A-45-917-222  Petitioner, | *  *  * |
| v. | * CIVIL ACTION NO. RDB-07-527 |
| CALVIN MCCORMICK, et al.  Respondents. | *  *** |

## MEMORANDUM OPINION

This *pro se* Petition for habeas corpus relief was received for filing on March 2, 2007.[1] Petitioner claims that: an Immigration Judge ("IJ") ordered him removed on November 14, 2006; he was taken into custody by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") on September 26, 2006; and on February 13, 2007, the Board of Immigration Appeals ("BIA") affirmed the IJ decision and ordered him removed as an alien convicted of two or more crimes involving moral turpitude and an aggravated felony.[2]  Paper No. 1.

Petitioner addresses two Maryland convictions which presumably provided the basis for his removal charges. *Id*. He claims that his March 4, 2004, theft conviction, for which he received a sentence of 364 days, was based on a defective guilty plea, and that a state *coram nobis* petition is pending in that matter. In addition, Petitioner states that he has filed a post-conviction challenge

---

[1] Neither the $5.00 habeas filing nor an indigency application accompanied the Petition. In light of the summary dismissal of this action, Petitioner shall not be required to cure this deficiency.

[2] The Petition was signed and dated February 26, 2007, when Petitioner was housed at the Wicomico County Detention Center in Salisbury, Maryland. ICE District Counsel has informed this Court that as of March 6, 2007, Petitioner is housed at the Howard County Detention Center. The Clerk shall amend the docket accordingly.

to his November 29, 2004 theft conviction, for he was sentenced to 10 years with all but 2 years suspended. [3]

Petitioner appears to raise a challenge to his charges of removal and the findings of the Immigration Courts, claiming that immigration authorities have failed to meet their burden of demonstrating that his convictions meet the definition of aggravated felony under immigration laws. Paper No. 1. In addition, he seemingly raises a due process challenge to his continued detention. *Id*.

To the extent that Petitioner is attacking his order of removal, the Court lacks subject-matter jurisdiction over the action. Under the Real ID Act of 2005 ( "RIDA") the circuit courts are the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *See Hem v. Maurer,* 458 F.3d 1185, 1188 n. 3 (10th Cir. 2006); *Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Alvarez-Barajas v. Gonzales,* 418 F.3d 1050, 1052 (9th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2006); *see also Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (9th Cir. 2006) (RIDA restores circuit court jurisdiction to review constitutional claims or questions of law).

Further, insofar as Petitioner is raising a challenge to his continued post-removal order detention, the Court finds no due process violation. Generally speaking, ICE may detain a deportable alien while removal proceedings are pending. *See Denmore v. Kim,* 538 U.S. 510, 531 (2003). After a removal order becomes final, ICE must detain the alien until he is removed, for up

---

[3] According to the Petition, the sentence imposed for the March, 2004, conviction has expired, while the November, 2004, conviction is being challenged on state collateral review. It remains unclear whether Petitioner wishes to raise a 28 U.S.C. § 2254 habeas challenge to these 2004 state convictions. In any event, because insufficient information is provided regarding each conviction and because the convictions spark threshold questions regarding Petitioner's ability to satisfy the "in custody" requirement of § 2254(a), *see Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005) and the exhaustion requirements of § 2254(b) & (c), the Court shall not take review over a challenge to these convictions.

to ninety days (the "removal period").[4] *See* 8 U.S.C. § 1231(a)(2); *see also Zadvydas v. Davis,* 533 U.S. 678, 682 (2001). Although § 1231(a)(6) appears to authorize discretionary indefinite detention of a removable alien beyond such period, the Supreme Court has indicated that indefinite detention would raise serious constitutional issues. Thus, the Court found that the statute permits ICE to detain an alien beyond the removal period only as long as reasonably necessary to bring about his removal and that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas v. Davis,* 533 U.S. at 689, 699. The Court further stated that detention beyond six months after the issuance of a final removal order is presumed unconstitutional but that the government can rebut the presumption by establishing that removal is reasonably foreseeable. *Id.* at 701.

Petitioner claims that he was taken into ICE custody on September 26, 2006. He also claims that the BIA issued its decision to dismiss his appeal of the IJ on February 13, 2007. Thus, the presumptively reasonable six-month period has not expired.

Accordingly, the matter, construed as a 28 U.S.C. § 2241 Petition, shall be dismissed without prejudice. This Court shall neither stay Petitioner's removal nor reopen his immigration proceedings.[5] A separate Order follows.

Date:  March 12, 2007                        /s/
                                             RICHARD D. BENNETT
                                             UNITED STATES DISTRICT JUDGE

---

[4] Under 8 U.S.C. § 1231(a)(B), the removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

[5] To the extent Petitioner seeks judicial review of the BIA decision, he may file a timely petition for review with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. *See* 8 U.S.C. §§ 1252(a)(1), (a)(2)(D), & (b).